UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JOAN BELL,<br><br>    Defendant. | Criminal Action No. 22-096-9 (CKK) |

ORDER
(January 19, 2023)

Before the Court is Defendant Joan Bell's [155] Emergency Motion to Permit Travel ("Motion"), filed January 17, 2023 at approximately 10:30 PM.  The Motion is an "emergency" largely due to Defendant's disregard for her conditions of release and Court order.  Despite being charged with engaging in a criminal scheme with her nine co-defendants to obstruct access to healthcare services at a reproductive health clinic here in the District of Columbia, resulting in alleged injuries to at least one employee, Defendant requests permission to return to the District of Columbia from January 18, 2023 to January 22, 2023 to engage in a variety of political activity.  It appears Defendant herself, however, never intended to ask for the Court's permission.  Rather, when she met with her supervisory Pretrial Services officer the day before she intended to travel to the District of Columbia, she assured him that she would travel to the District of Columbia with or without the Court's permission.  As a result, her counsel was forced to file the eleventh-hour, instant Motion. The Government opposes Defendant's requested relief, and for the following reasons, the Court **DENIES** the Motion.

The Court reviews a request to modify conditions of release pursuant to 18 U.S.C. § 3142.  Under that statute, a defendant on pretrial release must be "subject to the least restrictive set of conditions that will reasonably assure [their] appearance and the safety of the community."

1

*United States v. Brock*, Crim. A. No. 21-140 (JDB), 2021 WL 3616892, at *2 (D.D.C. Aug. 16, 2021) (internal quotation marks removed). To determine what conditions are necessary, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) for danger to the community, the nature and seriousness of that danger posed by the person's release; and (5) for risk of flight, how great the risk. *Id.* at 550-51.

Although the acts charged in the indictment are mainly those of civil disobedience, the charging instrument further accuses Bell's co-conspirators of allegedly injuring an employee of the reproductive health clinic that Bell and her compatriots forcibly occupied. Superseding Indictment, ECF No. 113 ¶¶ 23-34. Based on the allegations in the indictment, Bell has in the past supported some kinds of political violence to further her group's political ends. As to the weight of the evidence, it appears that almost all of the events charged appear on video. *See id.* Where the charged offense appears on camera, the weight of the evidence for the purposes of this statute is strong. *United States v. Brockhoff*, 590 F. Supp. 3d 295, 304 (D.D.C. 2022) (CKK).

As to Bell's history and characteristics, she has amply demonstrated that she holds no regard for the rule of law when it differs with her personal convictions. Bell has a decades-long history of traveling across state lines to block access to reproductive healthcare. As she told Magistrate Judge G. Michael Harvey during her preliminary hearing, "I do not [swear to abide by my conditions of release]. As God as my witness, I cannot swear to such [] evil condition[s]." Hr. Tr. at 44 (Apr. 5, 2022). This refusal to abide by her conditions of release has now metastasized into these present circumstances. When warned on January 17, 2023 that travel to the District of Columbia would violate her conditions of release, she told her supervisory Pretrial Services officer that she intended to travel to the District "with or without permission." Ex. A.

In light of Bell's continued and firm insistence that she will not abide by the conditions of release, the Court can no longer assure itself that Bell will not engage in criminal conduct again within the District of Columbia nor attend future hearings should she determine that they are contrary to her political convictions.  *Cf. Brock*, 2021 WL 361892 (permitting removal of location monitoring as condition of release only where no risk of noncompliance with other conditions of release, attendance at future court dates, or danger to the community).

As such, and in line with Magistrate Judge Harvey's findings, the Court finds by a preponderance of the evidence that permitting travel to the District of Columbia would cause a danger to the safety of the community and present additional risk that Defendant will not participate in future court proceedings.  *See United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019).

Accordingly, it is hereby

**ORDERED**, that Defendant's [155] Emergency Motion to Permit Travel is **DENIED**.  It is further

**ORDERED**, that, based on the present record, the parties shall appear for a show cause hearing on January 25, 2023 at 10:00 AM ET to address what, if any, additional conditions of release are necessary to ensure Defendant's compliance with release conditions and participation in this case.  The show cause hearing shall be in-person in Courtroom 28-A.  Defendant shall enter the District of Columbia for this hearing no earlier than **January 24, 2023.**

#

#

#

**Defendant is warned that failure to abide by this Order may result in the total revocation of pretrial release and/or contempt proceedings.**

    SO ORDERED.

**Dated:** January 19, 2023

                                                                   /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge